**THE LAW OFFICE OF ROBERT L. STARR**
Robert L. Starr, State Bar No. 183052
robert@starrlaw.com
23901 Calabasas Road, Suite 2072
Calabasas, CA 91302
Voice: 818-225-9040
Facsimile: 818-225-9042

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONY THOMPSON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FCA US, LLC, and DOES 1 to 10,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>(1) **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.; and**<br><br>(2) **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT, CAL.CIV. CODE SECTION 1770, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ebony Thompson ("Plaintiff"), individually and on behalf of all other California citizens similarly situated, brings this action against Defendant FCA US, LLC, ("Defendant" or "FCA"), upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record, and alleges as follows:

## INTRODUCTION

1.    This consumer class action arises out of FCA's failure to properly identify and pay for MultiAir Actuators that should correctly be covered for 15-years or 150,000-miles, pursuant to California Code of Regulations ("CCR") Title 13, Section 1962.1, 2035, 2037 and 2038, ("California Emissions Warranty"), relating to Partial Zero Emissions Vehicles and Super Ultra Low Emissions Vehicles, for which FCA has received a .2 Zero Emissions Credit from the California Air Resources Board ("CARB"). These vehicles are collectively referred to as "PZEV" vehicles. As a result of FCA not providing proper coverage, Plaintiff and members of the Class and Subclass are paying out of pocket for repairs that should be covered under the California Emissions Warranty. Plaintiff's claims relate specifically to all vehicles distributed by FCA that are PZEV vehicles and which are equipped with MultiAir Actuators, and for which FCA does not provide 15-years or 150,000-miles coverage relating to the MultiAir Actuators. ("Class Vehicles").

2.    Multiair is a brand name for the patented electromechanical actuation of the inlet valve that allows the fuel/air mix into the engine's combustion chamber. At partial load conditions and idling, the inlet valves are partially opened to speed the inlet charge into the cylinders. Multiair Actuators serve the primary function of reducing emissions. When Multiair Actuators fail to work properly, the failure increases regulated emissions. It is undeniable that MultiAir Actuators are emissions related parts, however FCA has failed to provide 15-years or 150,000-miles California Emissions Warranty coverage for all of the vehicles

CLASS ACTION COMPLAINT

1  distributed by FCA which which are equipped with MultiAir Actuators. As
2  explained herein, this is an unlawful business practice.
3  ///

4                           **BACKGROUND**

5      3.      For decades, FCA has been in the business of importing and
6  distributing FCA vehicles to the State of California, with the intent to sell FCA
7  vehicles to consumers in California. As such, the FCA vehicles have been subject
8  to state and federal regulations regarding both emissions standards and regarding
9  FCA's obligations to provide consumers with warranties relating to emissions
10 parts.

11     4.      California Code of Regulations section 1962.1, 2035, 2037, and
12 2038, requires that, for PZEV vehicles for which PZEV credits are provided, all
13 defects in materials or workmanship that would cause the vehicle's on-board
14 diagnostic malfunction indicator light to illuminate (as defined in CCR section
15 2037), all defects in materials or workmanship that would increase emissions, and
16 all defects in materials or workmanship that would result in the vehicle not being
17 able to pass a California smog check are warranted for *15-years* or *150,000-miles*,
18 whichever occurs first (italics added), pursuant to the California Emissions
19 Warranty. The 15-year warranty period is reduced to 10 years or 150,000-miles
20 only for "a zero-emission energy storage device used for traction power (such as a
21 battery, ultracapacitor, or other electric storage device)." The Class Vehicles are
22 all defined as PZEV vehicles pursuant to California Code of Regulations 1962.1.

23     5.      Pursuant to the California Code of Regulations, FCA is required to
24 cover all parts that satisfy Section 1962.1, 2035, 2037, and 2038 as being
25 emissions related parts, for 15-years/150,000-miles, unless the emissions part is a
26 battery or other zero emission storage device, wherein the warranty is 10
27 years/150,000-miles.

28

CLASS ACTION COMPLAINT

6.     FCA fails to comply with these statutory requirements by failing to provide 15-years or 150,000-miles California Emissions Warranty coverage for defective MultiAir Actuators, and for other parts for which coverage should be provided. MultiAir Actuators are designed to reduce vehicle emissions. When MultiAir Actuators are defective, the defect increases regulated emissions, may cause the malfunction indicator light / check engine light to illuminate, and will cause the effected vehicle to fail a smog test. As a result, defective MultiAir Actuators should be covered under the California Emissions Warranty. The Class Vehicles are defined as all PZEV vehicles distributed by FCA which are equipped with MultiAir Actuators for which FCA has failed to provide 15-years or 150,000-miles California Emissions Warranty coverage. Based upon this definition, all MultiAir Actuators installed in Class Vehicles should be covered for 15-years or 150,000-miles.

7.     FCA is engaged in a nefarious scheme to limit its warranty exposure under California's emissions warranty requirements in violation of California emissions law by unilaterally defining and wrongfully limiting the parts that should properly be identified as parts covered by the California Emissions Warranty and covered for 15-years/150,000-miles under the CCR.

8.     Section 1962.1 requires that, relating to Class Vehicles, any warranted part, as defined by the CCR, that would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate, increase emissions or that would result in the vehicle not being able to pass a California smog check must be covered for 15-years/150,000-miles. However, FCA's California Emissions Warranty for the Class Vehicles identifies only a handful of emissions parts that FCA contends qualify for the California Emissions Warranty's 15-year/150,000-mile warranty coverage. That list, generated by FCA, for its own financial benefit to save warranty costs, is woefully inadequate and incomplete and fails to identify,

or provide extended warranty coverage for, *all* of the emissions related parts that, in fact, qualify for extended 15-year/150,000-mile coverage under Section 1962.1.

9.      By narrowly self-defining the parts that are required to be covered under the California Emissions Warranty, FCA is able to reduce the amount of money that FCA spends on warranty-related repairs, knowing that most if not all dealerships or consumers will not investigate or understand what components should actually and correctly be covered under the California Emissions Warranty as required by the California Code of Regulations.

10.     As a result of FCA's conduct, Plaintiff and Class members have paid and are continuing to pay out of pocket for repairs that should be covered under the California Emissions Warranty.

///

11.     Plaintiff's theory does not depend on the premise that CARB was deceived by the information that FCA submitted, or that CARB ever expressed a concern about FCA's classification of components as being covered by the California Emissions Warranty. Plaintiff is not accusing CARB of mismanagement or blaming CARB for FCA's inaccuracy. FCA is alone is responsible for selecting and identifying to CARB the parts that FCA has unilaterally identified as being covered by the California Emissions Warranty, as part of its application for vehicle certification. That list may be correct as far as it goes or as far as CARB may know. But, as Plaintiff alleges, the list of parts FCA submitted to CARB was incomplete, as evidenced by Plaintiff's own experience.

## JURISDICTION AND VENUE

12.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because: (i) members of the Class are citizens of a state different from that of FCA; and (ii) aggregating the claims of individual Class members, the total matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. Further, 28 U.S.C. §

1332(d)(5) does not apply because (i) FCA is not a state, state official, or other governmental entity against whom the Court may be foreclosed from ordering relief, and (ii) the number of members of the Class in the aggregate exceeds 100.

13.    This Court has personal jurisdiction over FCA because FCA has sufficient minimum contacts with California, having intentionally availed itself of the California market so as to render the exercise of jurisdiction over it by this District Court consistent with traditional notions of fair play and substantial justice.

14.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because FCA conducts business within the State of California, has failed to designate with the office of the California Secretary of State a principal place of business in California, and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

**PARTIES**

15.    Plaintiff Ebony Thompson is, and at all times relevant hereto has been, a resident and citizen of the State of California. Plaintiff resides in Los Angeles County.

16.    Defendant FCA was and is, upon information and belief, a Michigan Limited Liability Company, doing business in the State of California. FCA sells Partial Zero Emissions Vehicles and Hybrid Vehicles, including the Class Vehicles, in the State of California.

17.    The true names and capacities of Defendants sued in this Complaint as Does 1 through 10, inclusive, are currently unknown to Plaintiff, and therefore Plaintiff sues such Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, shareholders, managers, or employees of
FCA at all relevant times.

CLASS ACTION COMPLAINT

18.     Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained. Each reference in this Complaint to "FCA" or "Defendant" is also a reference to all Defendants sued as Does 1 through 10.

19.     Plaintiff reserves the right to expand, limit, modify, or amend these allegations at any time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

### SUBSTANTIVE ALLEGATIONS

20.     On October 23, 2020, Plaintiff took her vehicle to Scott Robinson Chrysler Dodge Jeep Ram ("Scott Robinson"), located at 20900 Hawthrone Boulevard, Torrance, California 90503 for repairs. Plaintiff's vehicle is a 2015 Chrysler 200, VIN 1C3CCCAB9FN571783. Plaintiff's vehicle is and was a PZEV vehicle. At the time that Plaintiff's vehicle was presented for repairs, the vehicle had been driven 97,200 miles. Scott Robinson is a FCA factory authorized repair facility. Plaintiff complained that the vehicle would crank and not start, that the vehicle would shut off while driving and that the vehicle was running rough. Scott Robinson diagnosed the vehicle as having a defective MultiAir Actuator. FCA refused to cover the repair under the California Emissions Warranty, even though the vehicle was in service less than 15-years and had been driven less than 150,000-miles.

As a result, Plaintiff had to pay out of her own pocket for the repairs, at a cost of $2,071.52.

21.     California Code of Regulations Section 1962.1, California Code of Regulations Section 2035, *et seq*., California Code of Regulations Section 2037, *et seq*., and California Code of Regulations Section 2038, *et seq*., establish the

minimum warranty coverage that FCA is required to provide to consumers relating to FCA Partial Zero Emissions Vehicles and Hybrid Vehicles that FCA imports and distributes in California.

22.    Pursuant to California Code of Regulations Section 2035, with regard to 1990 and subsequent model year vehicles, a "warranted part" is defined as "any part installed on a motor vehicle or motor vehicle engine by the vehicle or engine manufacturer, or installed in a warranty repair, which affects any regulated emission from a motor vehicle or engine which is subject to California emission standards."

23.    Furthermore, California Code of Regulations Section 2037(b) states: "The manufacturer of each motor vehicle or motor vehicle engine shall warrant to the ultimate purchaser and each subsequent purchaser that the vehicle or engine is:

> (1)    Designed, built, and equipped so as to conform with all applicable regulations adopted by the Air Resources Board pursuant to its authority in chapters 1 and 2, part 5, division 26 of the Health and Safety Code; and

> (2)    Free from defects in materials and workmanship which cause the failure of a warranted part to be identical in all material respects to the part as described in the vehicle or engine manufacturer's application for certification, including any defect in materials or workmanship which would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate, for a period of three years or 50,000 miles, whichever first occurs; and

> (3)    Free from defects in materials and workmanship which cause the failure of a warranted part described in section (c) below for seven years or 70,000 miles, whichever first occurs."

24.    California Code of Regulations Section 2037(c) states:

(1) Each manufacturer shall identify in its application for certification the "high-priced" warranted parts which are:

    (A) For 1990 through 2007 model year vehicles: [i] included on the Board's "Emissions Warranty Parts List" as last amended February 22, 1985, incorporated herein by reference, and; [ii] have an individual replacement cost at the time of certification exceeding the cost limit defined in section (c)(3);

    (B) For 2008 and subsequent model year vehicles: [i] subject to coverage as a warranted part in section (b)(2) above, and; [ii] have an individual replacement cost at the time of certification exceeding the cost limit defined in section (c)(3).

(2) The replacement cost shall be the retail cost to a vehicle owner and include the cost of the part, labor, and standard diagnosis. The costs shall be those of the highest-cost metropolitan area of California.

(3) The cost limit shall be calculated using the following equation:

$$\text{Cost limit } \{n)\} = \$300 \times (CPI\{n-2]\}/\ 118.3$$

Cost limit {n) is the cost limit for the applicable model year of the vehicle rounded to the nearest ten dollars.

25. With regard to Partial Zero Emissions Vehicles, California Code of Regulations 1962.1 extends the performance and defects warranty period set forth in subdivision 2037(b)(2) and 2038(b)(2) to 15-years or 150,000-miles, whichever occurs first, except that the time period is to be 10 years for a zero-emission energy storage device used for traction power (such as a battery, ultracapacitor, or other electric storage device). Section 1962.1(D) states, in relevant part:

"(D) *Extended Warranty*. Extend the performance and defects warranty period set

forth in subdivision 2037(b)(2) and 2038(b)(2) to 15-years or 150,000-miles,
whichever occurs first except that the time period is to be 10 years for a zero-
emission energy storage device used for traction power (such as a battery,
ultracapacitor, or other electric storage device)."

///

26.     In short, the California Code of Regulations section 1962.1 requires
that, for PZEV vehicles, all defects in materials or workmanship that would cause
the vehicle's on-board diagnostic malfunction indicator light to illuminate [as
defined in the California Code of Regulations section 2037(b)], that would
increase the vehicle's emissions, or that would result in the vehicle not being able
to pass a California smog check are warranted for *15-years* or *150,000-miles*,
whichever occurs first (italics added). The 15-year warranty period is reduced to
10 years or 150,000-miles only for batteries or zero-emission energy storage
devices.

27.     Under Sections 1962.1, 2035, 2037, and 2038 of the California Code
of Regulations, it is clear that this repair to Plaintiff's vehicle should have been
covered for 15-years or 150,000-miles. This is because the defect increased
regulated emissions, and because the defect would have caused Plaintiff's vehicle
to fail a smog test.

28.     FCA is unilaterally limiting all of the parts that should properly be
identified as covered under the California Emissions Warranty. FCA's warranty
for the Class Vehicles identifies only a handful of emissions parts that FCA
contends qualify for the 15-year/150,000-mile California Emissions Warranty.
That list, generated by FCA for its own financial benefit, is woefully inadequate
and incomplete and fails to identify, or provide extended warranty coverage for,
*all* of the emissions parts that, in fact, qualify for extended 15-year/150,000- mile
coverage under Section 1962.1, 2035, 2037, and 2038.

CLASS ACTION COMPLAINT

29.     The details of how FCA applied the California Code of Regulations formula with respect to the MultiAir Actuators are exclusively within FCA's possession. Similarly, the information regarding what other parts satisfied the California Code of Regulations requirements but were not identified by FCA as covered under the California Emissions Warranty also is in the exclusive possession of FCA.

30.     FCA has acted as alleged herein in an effort to reduce the amount of money that FCA spends on warranty-related repairs, knowing that most if not all dealerships or consumers will not investigate or understand what components should actually be covered under the California Emissions Warranty. FCA's conduct is part of a systematic effort by FCA to avoid complying with California law. If FCA complied with the terms of California law by properly identifying all parts that are covered under the California Emissions Warranty, then FCA dealerships would properly provide warranty coverage for covered all parts, and consumers would not have to pay out of their own pocket for said repairs.

31.     FCA's conduct violates California's unfair business practices statute, California Business and Professions Code sections 17200 *et seq*. (the "UCL").

32.     Plaintiff and other Class members have suffered damage as a result of FCA's wrongful, unfair, and unlawful conduct.

33.     Plaintiff's action seeks primarily injunctive relief and declaratory relief compelling FCA to properly and fully identify that the MultiAir Actuators should be covered by the California Emissions Warranty and identify the correct warranty period for the MultiAir Actuators. Plaintiff and other Class members still own Class Vehicles and in the future will need to repair or replace the MultiAir Actuators while their Class Vehicles are still within the 15-year and 150,000-mile PZEV extended warranty period. At this time, with regard to the Class Vehicles, FCA is refusing to provide California Emissions Warranty coverage.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

34.   Plaintiff re-alleges and incorporates by reference each allegation set forth above.

35.   Plaintiff brings this action on her own behalf, as well as on behalf of all other California citizens similarly situated, and thus seeks class certification under California Code of Civil Procedure section 382.

36.   All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

37.   Plaintiff's proposed Class consists of and is defined as follows:

> All California citizens who, while citizens of the State of California, purchased or leased PZEV vehicles distributed by FCA which are equipped with MultiAir Actuators, for which FCA has received a .2 ZEV credit from CARB and for which FCA has failed to provide 15-years or 150,000-miles California Emissions Warranty coverage relating to the MultiAir Actuators ("Class").

> Excluded from the California Class are non-California citizens and citizens of States other than California; persons who are not United States citizens; businesses with locations in California, but who are incorporated and have their principal place of business outside of California; any entity in which Defendant has an interest, and any of Defendant's corporate parent, affiliate(s), subsidiary(ies), officers, directors, legal representatives, successors, and assigns. Also excluded from the California Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

38.   Plaintiff's proposed Subclass consists of and is defined as follows:

> All Class members who incurred out-of-pocket expenses to repair the MultiAir Actuators ("Subclass").

39.   The recovery of out of pocket expenses is restitution, not damages, and is ancillary to Plaintiff's primary goal of obtaining declaratory relief and/or requiring Defendant to properly and fully comply with the California Emissions Warranty as described herein.

40. Members of the Class and Subclass are referred to herein as "Class members." It is Plaintiff's current express intention to limit the putative class to California citizens.

41. Plaintiff reserves the right to redefine the Class and Subclass and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

42. There are common questions of law and fact as to Class and Subclass members that predominate over questions affecting only individual members, including, but not limited to:

    (a)    Whether FCA has failed and is failing to acknowledge that the MultiAir Actuators installed in the Class Vehicles should be covered under the extended 15-year 150,000-mile California Emissions Warranty, pursuant to California law;

    (b)    Whether FCA has engaged in and is engaging in a systematic business practice of failing to identify that the MultiAir Actuators installed in the Class Vehicles should be covered under the extended 15-year 150,000-mile California Emissions Warranty, pursuant to California law;

    (c)    Whether FCA's conduct is an unlawful and unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

    (d)    Whether FCA's conduct is a violation of the Consumer Legal Remedies Act;

    (e)    Whether Plaintiff and Class members are entitled to declaratory and injunctive relief regarding FCA's failure to identify that the MultiAir Actuators installed in the Class Vehicles should be covered under the

extended 15-year 150,000-mile California Emissions Warranty, pursuant to California law;

(f)    The appropriate remedy for FCA's violations of California law.

43.    There is a well-defined community of interest in the litigation and the Class members are readily ascertainable:

(a)    <u>Numerosity</u>: The Class members are so numerous that joinder of all Class members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time; however, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's records.

(b)    <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class members as demonstrated herein.

(c)    <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any Class member. Plaintiff's attorneys, the proposed Class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class member.

CLASS ACTION COMPLAINT

(d)   <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

## TOLLING OF THE STATUTE OF LIMITATIONS

44.   FCA has actively engaged in misleading and dishonest conduct relating to its failure to identify all of the parts and labor that should be covered under the California California Code of Regulations regarding the California Emissions Warranty. Despite acting diligently, Plaintiff and Class members lacked the resources and had no realistic ability to identify the specific parts and labor that should be covered. Plaintiff and Class members cannot be reasonably expected on their own to learn or discover what parts and labor should be covered under the California Emissions Warranty. Therefore, the discovery rule is applicable to the claims asserted by Plaintiff and Class members, and the statute of limitations for bringing the claims set forth herein should be tolled.

45.   FCA has actual and constructive knowledge that it is violating California law by failing to identify all of the parts and labor that should be covered under the California Emissions Warranty. FCA has concealed from Plaintiff and Class members that FCA is violating California law as set forth herein. Any applicable statute of limitation is tolled by FCA's knowledge, active concealment, and wrongful conduct set forth herein. FCA is further estopped from relying on any statute of limitation because of its concealment set forth herein.

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**Violation of California Unfair Competition Law**

**(Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**

46.     Plaintiff re-alleges and incorporates by reference each allegation set forth above.

47.     California Business and Professions Code section 17200, *et seq*. (the "UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." FCA has committed acts of unfair competition proscribed by the UCL, including the acts and practices alleged herein.

48.     The UCL imposes strict liability. Plaintiff need not prove that FCA intentionally or negligently engaged in unlawful or unfair business practices – only that such practices occurred.

49.     FCA is a "person" as defined by Business & Professions Code § 17201.

50.     As a direct and proximate result of FCA's acts and practices in violation of the UCL, Plaintiff and members of the Class have suffered injury in fact and lost money or property as set forth above and will continue to do so.

**Unlawful Prong**

51.     A business practice is "unlawful" under the UCL if it is forbidden by law or regulations, including the standard of professional conduct.

52.     The violation of any law or regulation may serve as the predicate for a violation of the "unlawful" prong of the UCL.

53.     FCA's conduct is unlawful because it violates the California Code of Regulations, including the requirement under the California Code of Regulations, by failing to provide coverage under the California Emissions Warranty.

54.     FCA's conduct violates California Code of Regulations section 1962.1, 2037(c) and 2038(c) because FCA fails to identify the MultiAir Actuators

as parts that should be covered under the 15-year/150,000-mile California Emissions Warranty.

55.    FCA's conduct is unlawful because it fails on a systemic and classwide basis to provide coverage for all MultiAir Actuators installed in the Class Vehicles for 15-years or 150,000-miles, as required pursuant to CCR Sections 1962.1, 2035, 2037, and 2028.

56.    FCA's' acts of unlawful competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, C.C.P. § 1021.5.

### Unfair Prong

57.    An act or act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition and is not an injury the consumers themselves could reasonably have avoided. An act or practice also is unfair if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. An act or practice also is unfair if Plaintiff's claims are "tethered" to specific constitutional, statutory or regulatory provisions. FCA's conduct violates all of these definitions.

58.    As alleged above, FCA engages and has engaged in a systematic business practice of failing to identify for consumers and its factory authorized repair facilities that the MultiAir Actuators installed in the Class Vehicles are covered the California Emissions Warranty. FCA does this in an effort to reduce the amount of money that FCA spends on warranty-related repairs knowing that it would be very difficult if not impossible for most consumers to discover this unlawful conduct. If FCA complied with California law and properly identified that the MultiAir Actuators installed in the Class Vehicles should be identified as

covered under the 15-years 150,000-miles California Emissions Warranty, then FCA dealerships would properly provide warranty coverage for said parts.

59.    Further, FCA's conduct is unfair because it refuses to provide warranty coverage for the MultiAir Actuators installed in the Class Vehicles pursuant to the California Emissions Warranty for 15-years or 150,000-miles for the sole purpose of wrongfully limiting its warranty claims, with no regard for the fact that the public is being forced to pay for repairs which should be covered under the 15-year 150,000-mile California Emissions Warranty. Plaintiff and members of the Class have wrongfully been denied warranty coverage at service centers throughout California, and have suffered injury in fact and a loss of money or property as a result of FCA's unfair business acts and practices as set forth in detail.

60.    FCA's failure to properly identify that the MultiAir Actuators should have been covered under the 15-year 150,000-mile California Emissions Warranty, is a uniform, and systematic statewide business practice on the part of FCA to minimize the amount of money that FCA has to pay out in warranty claims. This conduct violates California law.

61.    All of the acts and practices of FCA as described in this complaint constitute "unfair" business acts and practices. A business act or practice is "unfair" under the UCL if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims. Plaintiff has suffered injury in fact and a loss of money or property as a result of FCA's unfair business acts and practices as set forth herein in detail. It is Plaintiff's information and belief that Class members have also suffered injury as a result of FCA's wrongful conduct.

62.    As a direct and proximate result of FCA's acts and practices in violation of the UCL, Plaintiff and members of the Class have paid out of pocket to repair or replace emissions components that should have been covered by FCA

under the 15-year 150,000-mile California Emissions Warranty. Forcing
consumers to pay out of pocket to repair or replace vehicle components that
should be covered under warranty is clearly unfair.

63.    FCA's conduct does not benefit consumers or competition. Plaintiff
and Class members could not reasonably avoid the injury each of them suffered or
will suffer, which injury is substantial. FCA's conduct only benefits FCA, by
enabling FCA to avoid having to pay warranty claims which should be covered by
the 15-year 150,000-mileCalifornia Emissions Warranty.

64.    The gravity of the consequences of FCA's conduct as described
above outweighs the justification, motive or reason therefor, is immoral, unethical
and unscrupulous, and offends established public policy that is tethered to
legislatively declared policies as set forth in the laws detailed above, or is
substantially injurious to the public, for the reasons set forth above.

65.    FCA's conduct also offends established public policy that is tethered
to legislatively declared policies as set forth in the laws detailed above, including
California laws and regulations regarding California's Emission Control System
Warranty Requirements, or is substantially injurious to the public, for the reasons
set forth above.

66.    To the extent that any definition of "unfair" requires a balancing test
or weighing various factors, such an inquiry is fact intensive and requires a full
factual record as to FCA's justification and motives for its conduct, and as to the
impact of FCA's conduct on Plaintiff and Class members.

67.    FCA's acts of unfair competition as set forth above present a
continuing threat and will persist and continue to do so unless and until this Court
issues appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs
pursuant to, *inter alia*, C.C.P. § 1021.5.

///

///

## SECOND CLAIM FOR RELIEF

### Violation of California Consumers Legal Remedies Act

### (Cal. Civil Code §§ 1750 *et seq.*)

68.     Plaintiff re-alleges and incorporates by reference each allegation set forth above.

69.     FCA has violated Section 1770 of the California Consumers Legal Remedies Act, Cal. Civ. Code Section 1750, et seq. (the "CLRA"). The violation results from FCA's failure to keep its promise to the State of California, and members of the Class, including Plaintiff, that it would honor the terms of the FCA warranty, and by doing so, that it would honor the terms of the CCR. Furthermore, the FCA warranty booklet provided by FCA to consumers, including Plaintiff, specifically references the California Emissions Warranty, and both inferentially and specifically represents that it will honor the terms of the CCR, however FCA has refused, and continues to refuse to honor the terms of the CCR, as stated herein.

70.     Plaintiff is a consumer who was wrongfully required to pay for repairs which should have been paid for by FCA pursuant to the CCR. The Vehicle was presented by Plaintiff for repairs at FCA authorized repair facilities, in compliance with the terms and conditions of the FCA warranty. The Vehicle required repairs which should have been covered pursuant to the CCR, based upon the Vehicle's mileage and age. FCA wrongfully failed and refused to pay for the warranty repairs due to the unlawful pattern and practice set forth herein. Thus, Plaintiff suffered damage.

71.     FCA knows that it is violating the terms of the CCR, however FCA intentionally violates the CCR in order to save money. Plaintiff and members of the Class are generally unaware of the terms and scope of the CCR, thus FCA is able to get away with said wrongful conduct. As a result, Plaintiff and members of the Class have suffered damage. FCA engages in a systemic pattern of denying

warranty claims relating to Class Vehicles under the CCR relating to parts which are actually covered under the California Emissions Warranty for 15 years or 150,000 miles.

72.    Plaintiff and members of the Class have presented FCA vehicles to FCA authorized repair facilities for repairs that should have been covered under the CCR, but coverage has been wrongfully denied to them. As a result, Plaintiff and members of the Class have thus suffered damage. Plaintiff brings this claim on behalf of herself and the Class.

73.    FCA's conduct in warranting, advertising, leasing, selling and distributing vehicles in the State of California, while at the same time knowingly and wrongfully failing to honor the terms of the CCR, constitutes the following violations of Section 1770:

(a)    FCA represents and has represented that the Class Vehicles sold and

leased in the State of California have characteristics or benefits which

they did not have (in violation of Section 1770(a)(5));

(b)    FCA has falsely represented that the Class Vehicles sold and leased in the

State of California were of a particular standard, quality, or grade when

they were of another (in violation of Section 1770(a)(7)); and,

(c)    FCA advertised the Class Vehicles that have been sold and leased in the

State of California with the intent not to sell them as advertised (in

violation of Section 1770(a)(9)).

CLASS ACTION COMPLAINT

74.     Civil Code section 1780(a) provides that any consumer who suffers damage as a result of a violation of the CLRA may bring an action to recover: 1) actual damages, but in no case shall the total award of damages in a class action be less than $1,000; 2) an order enjoining the methods, acts, or practices; 3) restitution of property; 4) punitive damages; and 5) any other relief that the court deems proper.

75.     Civil Code section 1781 provides that Plaintiff may pursue this case as a class action.

76.     Plaintiff requests injunctive relief pursuant to Civil Code 1782(d).

///

////

77.     On December 23, 2020, Plaintiff gave FCA notice of FCA's violations of the CLRA, and demanded that FCA provide a corrective remedy. FCA has failed and refused to provide a corrective remedy.

78.     Plaintiff is entitled to attorney fees pursuant to Civil Code section

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against FCA as follows:

1.     For an order certifying this case as a class action, appointing Plaintiff as the representative of the Class and Subclass, and appointing counsel for Plaintiff as Class Counsel;

2.     That the Court declare, adjudge and decree that that FCA is responsible for notifying all Class members about the wrongful conduct set forth herein;

3.     That the Court declare, adjudge and decree that that FCA's failure to identify that the MultiAir Actuators should be covered pursuant to the California Emissions Warranty, constitutes an unfair and unlawful business practice in violation of California Business and Professions, Civil Code sections 17200, *et*

*seq.,* and a violation of the Consumer Legal Remdies Act;

4.    For an order declaring and enjoining FCA from further unfair and unlawful distribution, sales, and lease practices and compelling FCA to properly and fully identify that the MultiAir Actuators are covered pursuant to the California Emissions Warranty. As ancillary relief and as a result of the declaratory and injunctive relief to be obtained, FCA will provide restitution for amounts wrongfully paid by Plaintiff and Class members relating to these repairs which should have been covered by FCA under the California Emissions Warranty;

5.    For an award to Plaintiff and Class members of compensatory and statutory damages as appropriate, including interest, in an amount to be proven at trial;

6.    For an award to Plaintiff and Class members of any repair costs they are owed;

7.    For the appointment of a receiver, as necessary to receive, manage and distribute any and all funds disgorged from FCA and determined to have been wrongfully acquired by FCA as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

8.    For an award of attorneys' fees and costs, as allowed by law;

9.    For an award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

10.   For an award of pre-judgment and post-judgment interest;

11.   For leave to amend the Complaint to conform to the evidence produced at trial; and,

12.   For all other relief as may be appropriate under the circumstances.

Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. 38.

///

1    Dated: December 20, 2021              **LAW OFFICE OF ROBERT STARR**

2                                          /s/ Robert Starr
3                                          Attorney for Plaintiff

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT